886 F.2d 1191
 56 Ed. Law Rep. 455
 Wade R. CLARK, a minor by and through his next best friend,
Guardian ad Litem and natural guardian Tom CLARK,
individually and on behalf of all males similarly situated
in the State of Arizona, Plaintiff-Appellant,
v.
ARIZONA INTERSCHOLASTIC ASSOCIATION, an Arizona corporation,
Defendant-Appellee.
 No. 88-2919.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 8, 1989.
Decided Oct. 5, 1989.
 
 Jonathan Rothschild, Tucson, Ariz. for plaintiff/appellant.
 John C. Richardson, Tucson, Ariz. for defendant/appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before HUG, SCHROEDER and CANBY, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 This action, like three others before it[1], was brought under 42 U.S.C. Sec. 1983 to challenge a rule of the Arizona Interscholastic Association (AIA) restricting interscholastic volleyball competition to single-sex teams. Wade Clark, a male student at Rincon High School in Tucson, Arizona, alleges that he is precluded from playing interscholastic volleyball because the only team at his school is the girls' team, and he is not allowed to compete for a place on it. The district court granted summary judgment in favor of AIA, and Clark appealed.
 
 
 2
 We first ruled on this question in a class action brought by plaintiff's brother, attacking AIA's policy of excluding boys from playing on girls' volleyball teams. There, as here, the district court granted summary judgment to AIA. We affirmed. Clark v. Arizona Interscholastic Ass'n ("Clark I") 695 F.2d 1126 (9th Cir.1982), cert. denied, 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983).[2] There, as here, it was undisputed that in the past there had been discrimination against females in interscholastic athletics, and that the effects were still being felt. In ruling for AIA, we stated:
 
 
 3
 The record makes clear that due to average physiological differences, males would displace females to a substantial extent if they were allowed to compete for positions on the volleyball team. Thus, athletic opportunities for women would be diminished.... The situation here is one where there is clearly a substantial relationship between the exclusion of males from the team and the goal of redressing past discrimination and providing equal opportunities for women.
 
 
 4
 Id. at 1131.
 
 
 5
 Since the decision in Clark I, AIA has expressly[3] authorized interscholastic competition among male-only teams, but schools are not required to have such teams. Wade Clark's school has none, and he consequently contends that he must be permitted to compete for a place on the girls' team.
 
 
 6
 The AIA argues with considerable force that Clark's claim is barred by res judicata,[4] but the district court did not reach that question and we therefore do not address it either. But res judicata aside, Clark I stands as precedent and Wade Clark must show why it should not be applied.
 
 
 7
 Clark's argument in this regard is mystifying. He argues very strongly that the AIA has been wholly deficient in its efforts to overcome the effects of past discrimination against women in interscholastic athletics, and that this failure vitiates its justification for a girls-only volleyball team. The logic of his claim escapes us. It is true, as the AIA freely admits, that participation in interscholastic sports is still far from equal; males outnumber females by two to one. It is quite possible that the AIA could have done more to promote equal participation; that point has not been litigated. But assuming that Clark is correct, we fail to see how his remedy will help. If males are permitted to displace females on the school volleyball team even to the extent of one player like Clark, the goal of equal participation by females in interscholastic athletics is set back, not advanced. "While equality in specific sports is a worthwhile ideal, it should not be purchased at the expense of ultimate equality of opportunity to participate in sports. As common sense would advise against this, neither does the Constitution demand it." Clark I, 695 F.2d at 1132.
 
 
 8
 Clark's next argument is somewhat inconsistent with his first. He contends that, now that females are allowed to try out for interscholastic football and a number of other sports, there are actually more team opportunities for women than men. There are several difficulties with Clark's position. We put aside the rather fundamental question whether equality of participation would ever be served by a constitutional prohibition against female-only teams.[5] For present purposes, the first problem with Clark's contention is that at his school there is one team for which women may not compete, wrestling, and one for which men may not, volleyball. A more important point is that opening the varsity football team to women has not resulted in equality of participation; the fact remains that in Arizona interscholastic athletics, the males still outnumber the females by two to one. This problem will not be solved by opening up the girls' volleyball team to Clark and other boys.
 
 
 9
 Finally, Clark contends that today the unequal participation by women is primarily the result of social attitudes, and does not justify excluding him from the women's volleyball team because of his sex. He contends that, because these attitudes may persist forever, AIA's single-sex volleyball rule cannot qualify as a narrowly drawn, constitutional affirmative action plan. See City of Richmond v. J.A. Croson Co., --- U.S. ----, 109 S.Ct. 706, 723-28, 102 L.Ed.2d 854 (1989).
 
 
 10
 As we have already intimated, the analogy is imperfect between AIA's single-sex volleyball rule and an affirmative action plan designed to remedy racial discrimination. Clark does not dispute our conclusion in Clark I that "due to physiological differences, males would displace females to a substantial extent if they were allowed to compete for positions on the volleyball team." Clark I, 695 F.2d at 1131. Many of the ramifications of this point were examined in Clark I, and we need not go over them again. See id. at 1129-31. At the very least, it is clear that "a State can evoke a compensatory purpose to justify an otherwise discriminatory classification ... if members of the gender benefited by the classification actually suffer a disadvantage related to the classification." Mississippi University for Women v. Hogan, 458 U.S. 718, 728, 102 S.Ct. 3331, 3338, 73 L.Ed.2d 1090 (1982).
 
 
 11
 Clark admitted in district court, and does not dispute here, that female athletes within AIA's jurisdiction presently suffer the effects of past discrimination against female athletes. He attributes the past discrimination to AIA among others; indeed, he strongly argues that AIA has not done enough to ameliorate the effects of that discrimination. The fact that some of those effects may lie in social attitudes makes them no less real. Nor does it make it any less clear that AIA's rule, which will prevent females from being displaced in interscholastic competition, is substantially related to the goal of "redressing past discrimination and promoting equality of athletic opportunity between the sexes." Clark I, 695 F.2d at 1131. Being so related, AIA's rule is constitutional. See Craig v. Boren, 429 U.S. 190, 197, 97 S.Ct. 451, 456-57, 50 L.Ed.2d 397 (1976).
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Clark v. Arizona Interscholastic Ass'n, 695 F.2d 1126 (9th Cir.1982), cert. denied, 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983); Winckel v. Arizona Interscholastic Ass'n, Civ. No. 83-325-TUC-RMB (D.Ariz. Nov. 28, 1984); Clark v. Arizona Interscholastic Ass'n, Civ. No. 85-858-TUC-RMB (D.Ariz. Mar. 31, 1986)
 
 
 [2]
 In Clark I, we also held that AIA's enforcement of its rules constituted state action. Clark I, 695 F.2d at 1128. That ruling is not disputed by either party here
 
 
 [3]
 At the time of Clark I, AIA's rules were silent as to whether interscholastic boys' volleyball was permitted. Clark I, 695 F.2d at 1127
 
 
 [4]
 The third lawsuit challenging AIA's single-sex volleyball rules was, like the others, a class action by a male high school student on behalf of others similarly situated. Clark v. Arizona Interscholastic Ass'n, Civ. No. 85-858-TUC-RMB (D.Ariz. Mar. 31, 1986). At the time it was decided, Wade Clark was a high school freshman. See Los Angeles Branch NAACP v. Los Angeles Unified School Dist., 750 F.2d 731, 741 (9th Cir.1984) cert. denied, 474 U.S. 919, 106 S.Ct. 247, 88 L.Ed.2d 256 (1985) (judgment binds members who come into class before final order)
 
 
 [5]
 It is not impossible to imagine a system of equal participation in which female-only volleyball, tennis, and track teams, for example, properly continued to exist. See Clark I, 695 F.2d at 1131 & n. 3